IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SCOTT WHITEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No.4:12-cv-95 |
| | § | |
| SETERUS, INC. F/K/A IBM LENDER | § | |
| BUSINESS PROCESS SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendant Seterus, Inc. f/k/a IBM Lender Business Process Services, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. 5). As set forth below, the Court finds that the motion should be GRANTED.

Plaintiff filed this action in 380th Judicial District Court for Collin County, Texas on February 7, 2012 against Defendant Seterus, Inc. f/k/a IBM Lender Business Process Services, Inc. (*see* Dkt. 3). Plaintiff's claims arise of an apparent attempted foreclosure on property located at 2809 Woodson Drive, McKinney, Texas 75070. Plaintiff's Original Petition, Motion for Temporary Restraining Order and Application for Temporary Injunction asserts causes of action against Defendant for: (1) invalidity of Defendant's claim/quiet title; (2) declaratory relief finding that: (i) that the deed, and provisions therein relating to enforcement of the note through foreclosure, are null

and void, (ii) that a separation of the deed and note occurred, rendering Defendant's interest in the subject property unenforceable, and (iii) a declaration as to the legitimacy and efficacy of the transfers of the deed and note which occurred between the time of closing and the present; and (3) temporary and permanent injunctive relief prohibiting Defendant from foreclosing on the subject property. Defendant removed the matter to this Court on February 16, 2012.

Defendant subsequently filed its motion to dismiss on February 22, 2012, arguing that Plaintiff had failed to state a claim. As to Plaintiff's quiet title claim, Defendant argues that: (1) Plaintiff has no standing to contest the assignments; (2) Plaintiff's claim is barred because he does not have a superior right of possession and because Defendant has not dispossessed Plaintiff of the property; and (3) the Note and Deed of Trust were not split. As to Plaintiff's request for declaratory judgment, Defendant argues that: (1) Plaintiff is not entitled to declaratory judgment because he cannot prevail on his underlying claims and (2) Plaintiff's request for declaratory judgment is based upon pure speculation. Defendant also argues that Plaintiff's claims for injunctive relief fail because Plaintiff has failed to plead a viable cause of action and therefore cannot show a substantial likelihood of success on the merits.

On April 4, 2012, this Court entered an order indicating that no response had been filed to Defendant's Motion to Dismiss and that if no response were filed on or before April 9, 2012, the Court would assume that Plaintiff was not opposed to the relief requested and proceed accordingly (*see* Dkt. 8). Such a practice is in accordance with Local Rule CV-7(d) which provides that if "a

party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." E.D. Tex. L. R. CV-7(d). Plaintiff has not filed a response to the motion or otherwise amended his complaint to address the deficiencies raised by the motion.

The Court has reviewed Defendant's arguments and finds that they are well-founded and supported by applicable authority. Therefore, having reviewed Defendant's motion and finding that it raises meritorious grounds for dismissal and having considered Plaintiff's lack of written response to argue anything to the contrary, the Court recommends that Defendant Seterus, Inc. f/k/a IBM Lender Business Process Services, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. 5) be GRANTED and that Plaintiff's claims be dismissed with prejudice.

Further, the Rule 26(f) deadlines set forth in the Court's Order to Conduct Rule 26(f) Conference are hereby ABATED pending the District Judge's consideration of this report and recommendations. Should the matter not be dismissed, the parties are directed to file a Rule 26(f) report and proposed scheduling order within thirty (30) days of the District Judge's disposition of the motion to dismiss.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by

the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 13th day of April, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE